IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT
NOV -2 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **UNDER SEAL** |
| | ) (L.R. 49(B)) |
| v. | ) |
| | ) Case No. 1:11CR529 |
| EZIO BENJAMIN FIGUEROA VASQUEZ, | ) |
| | ) |
| HASSEIN EDUARDO FIGUEROA GOMEZ, | ) |
| | ) |
| Defendants. | ) |

MOTION TO SEAL PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the Indictment, this Motion to Seal, and the proposed Order until the charged defendants are arrested, for the following reasons:

1. The Drug Enforcement Administration is currently investigating a conspiracy to commit money laundering, in violation of Title 18, United States Code, § 1956, and related criminal activity. One defendant is in custody in Mexico and extradition to the United States will be sought. The other defendant is expected to be arrested when found and thereafter extradited to the United States. Premature disclosure of the charges against this defendant could cause him to go into hiding or to flee to countries that are less likely to extradite him to the United States.

2. Premature disclosure of the charges against the defendants would thus jeopardize an ongoing criminal investigation, threatening our ability to locate and arrest the defendant. In addition, premature disclosure could jeopardize the safety or cooperation of confidential witnesses and law enforcement officers and lead to the destruction of evidence as well as the

dissipation of assets subject to forfeiture.

3. The Court has the inherent power to seal a charging document. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the charging documents is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

4. The sealed materials will be automatically unsealed and handled as such upon the arrest of both charged defendants. Because foreign arrest and extradition likely will be required, the United States asks that the Court authorize disclosure of sealed materials to foreign law enforcement or foreign governments for purposes of securing a defendant's arrest or extradition or otherwise securing a defendant's appearance in the Eastern District of Virginia for prosecution.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to

unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the Indictment and this Motion to Seal and proposed Order be sealed until all charged defendants are arrested.

Respectfully submitted,

Neil H. MacBride
United States Attorney

Daniel J. Grooms
Assistant United States Attorney